■ ERIC W. HELLWIG, Respondent, v. FRANCES HELLWIG, Appellant, et al., Defendants.— Action by a husband against his wife, their infant son and five savings banks to adjudge that plaintiff husband is the owner of five certain bank accounts and other bank accounts, and for other incidental relief. The action was settled before the court, and the terms of the settlement were recorded in the court's minutes. The stipulation provided that a judgment was to be entered upon the settlement stipulation. The ensuing judgment, made December 24, 1958, *inter alia*, directed: (1) that the defendant wife shall deliver to plaintiff, or his attorney, the passbooks of two of the specified bank accounts, together with withdrawal slips signed by her and payable to plaintiff's order, for the withdrawal of $4,000 from one of the accounts and $4,500 from the other; (2) that the books be returned after the withdrawals; (3) that the husband, upon payment to him of the $8,500 from said bank accounts, shall execute and deliver to his wife a quitclaim deed to certain real property; (4) that an action for separation in the Supreme Court, Queens County, which had been brought by the wife against her husband, be discontinued; and (5) that the husband pay his wife alimony in the amount of $30 per week, commencing with December 19, 1958, and pay for the support and maintenance of the child of the parties. The defendant wife appeals from three orders of the said court, the first, dated July 23, 1959, denying her motion to vacate the stipulation and judgment; the second, dated October 22, 1959, granting the husband's motion to adjudge her guilty of contempt of court for failing to comply with the terms of the judgment; and the third, dated December 10, 1959 and resettled on December 23, 1959, granting the husband's motion for the issuance of a warrant to commit his wife for her failure to purge herself of said contempt of court, and denying her cross motion to vacate said order of October 22, 1959. The two books and withdrawal slips have been deposited with the clerk of said court, in compliance with a condition in an order of this court made on December 21, 1959 which granted the wife's motion for a stay of execution of the said order of December 10, 1959 as resettled. Orders affirmed, without costs. No opinion. Pursuant to section 562-a of the Civil Practice Act, the resettled order has been reviewed. Resettled order affirmed, without costs. No opinion. The passbooks and withdrawal slips which were deposited with the Clerk of the Supreme Court, Queens County, pursuant to the order of this court dated December 21, 1959, shall be turned over to the husband or his attorney, so as to permit the withdrawals of the total sum of $8,500; the said withdrawals are to be made forthwith; and immediately thereafter the passbooks shall be returned to the wife or to her attorney, together with a payment of $1,350 arrears of alimony, and the husband shall deliver a quitclaim deed to the real property. Settle order on five days' notice. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.

■ HARRY HOROWITZ, as Administrator of the Estate of NATHAN HOROWITZ, Deceased, Respondent, v. CIRO CANNELLA et al., Appellants.— In an action to recover the balance of the purchase price for the sale of a business, the defendants appeal from an order of the Supreme Court, Nassau County, entered November 25, 1959, denying their motion for a change of venue from Nassau County to Kings County. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.